UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

VIVEK SHAH,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 16-122-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Vivek Shah is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Shah has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his placement in segregation was arbitrary and capricious in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. [R. 1] Shah states that he has filed an inmate grievance regarding the issue, but indicates that his appeal remains pending before the regional office as of the date he filed his petition. [R. 1 at 7]

Shah has filed a motion to proceed *in forma pauperis*. [R. 3] The Court has reviewed the financial information provided by Shah in support of his fee motion, and concludes that he lacks sufficient income to pay the filing fee. The Court will therefore grant his motion to proceed *in forma pauperis*.

Shah's petition is accompanied by an additional nine motions, including motions for leave to file two enlarged and double sided exhibits [R. 5]; to direct the Clerk of the Court to issue and serve all process [R. 6]; for a limited stay of proceedings [R. 7]; to construe his petition as a civil action should the Court conclude that his claims may not proceed under § 2241 [R. 8]; to appoint counsel [R. 9]; for the Clerk of the Court to provide him with free copies of documents he files

[R. 10]; for a temporary restraining order and preliminary injunction [R. 11]; for summary judgment [R. 12]; and to withdraw his motion for a stay [R. 13].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Shah's challenge to his placement in segregation and request to be returned to the general population constitutes a challenge to the conditions of his confinement, and must be asserted in a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); it is not cognizable in a habeas corpus petition under § 2241. *Martin v. Overton*, 391 F. 3d 710, 712-14 (6th Cir. 2004) (§ 2241 petition seeking transfer to a different prison with better medical facilities does not sound in habeas); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). See also *Owen v. Sepanek*, No. 14-CV-158-HRW, 2014 WL 6610169, at *2-3 (E.D. Ky. Nov. 19, 2014) ("It is well established that challenges to a prisoner's classification or place of confinement, such as the security classification challenges which Owen advances in this proceeding, are 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331.") (collecting cases); *Embrey v. Sepanek*, No. 11-CV-119-HRW, 2012 WL 1205721 (E.D. Ky. Apr. 10, 2012).

When a prisoner asserts conditions of confinement claims in a habeas corpus petition under § 2241, it is not appropriate to simply recharacterize the claims; instead, the court should dismiss the petition to allow the prisoner to assert his claims in a civil rights action. *Martin*, 391 F. 3d at 714-15. This outcome is required in this instance because Shah acknowledges that he has not yet

exhausted his administrative remedies. A prisoner's exhaustion of administrative remedies prior to filing a civil suit is mandatory, not subject to equitable exceptions, and must completed *in toto* before suit may be filed. Cf. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Court will therefore deny Shah's petition so that he may assert his claims in a civil rights action should he choose to do so after he has received a final response from the Bureau of Prisons' National Appeals Administrator.

Accordingly, **IT IS ORDERED** that:

1. Shah's motion to waive payment of the filing fee [R. 3] is **GRANTED** and payment of the filing fee is **WAIVED**.

2. Petitioner Shah's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. All remaining motions are **DENIED AS MOOT**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated May 5, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY